UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-282-H

MONIKA BURKHEAD, et al.                                                    PLAINTIFFS

V.

LOUISVILLE GAS & ELECTRIC CO.                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have filed a pleading captioned "Supplemental Motion to Allow the Filing of an Expert Report Substantiating Plaintiffs' Class Definition and to Allow the Redefinition of the Burkhead Class." Plaintiffs filed the motion long after the appropriate deadline and just prior to the Court's ruling on Plaintiffs' then-pending motion for class certification; clearly too late to be considered as part of that pending motion. The Court denied Plaintiffs' motion for class certification without considering the pending supplementary motion or its accompanying expert report.

The now-fully-briefed "supplemental" motion puts the Court in an unusual position. It has denied Plaintiffs' only motion for class certification, and though this new motion is styled as merely a supplement to that now-denied class certification motion, it actually seeks certification of a class defined differently from their original motion and provides additional evidence in support of it. Invoking Fed. R. Civ. P. 23(c)(1)(C), which provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment," Plaintiffs cast their "supplemental" motion as nothing more than a minor amendment to their prior motion,

responding to what they characterize as the Court's "profound requirement for an Expert Report." Quite simply, this is a mischaracterization of both the Court's opinion and Plaintiffs' supplemental motion. Plaintiffs' motion effectively asks the Court to sweep away all concerns regarding the effective management of this case and once again immediately tackle the class action issues.

In its Memorandum Opinion of March 20, 2008, the Court discussed a variety of reasons why Plaintiffs' motion for class certification was deficient. Plaintiffs seem to characterize this opinion as little more than a call for an expert report, and that by simply filing such a document, Plaintiffs would automatically be entitled to class certification. Such an interpretation ignores that the Court found the lack of an expert report *symptomatic* of the motion's flaws, not dispositive on the issue of class certification. As the Court made clear, an expert report is but one type of evidence a court may consider when deciding whether a proposed class meets the requirements of Rule 23, and where no other evidence was presented tying together the class proposed by Plaintiffs, the Court suggested that an expert report would have been one way to do so.

Plaintiffs appear to argue for the proposition that Rule 23(c)(1)(C) allows them to seek certification of *any* class, at *any* time, using whatever procedural device they choose. While the Rule certainly allows the Court great discretion in certifying, decertifying, or amending a class, other concerns are also important, such as actually proceeding to the merits of the case. *See, e.g.*, 3 Alba Conte & Herbert Newberg, *Newberg on Class Actions*, § 9:1, at 299 (4th ed. 2002) (noting that complex litigation "may become unnecessarily protracted by inefficient management or procedures"); Manual for Complex Litigation (Fourth) § 21.133, at 253–54 (2004) (noting

2

that the procedures authorized by Rule 23(c)(1)(C) "may unnecessarily cost the parties substantial time and expense and add to the court's load"). In short, the Court must at some point exercise its "considerable authority to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989) (internal citations omitted). And included in the discretion afforded the Court by this "considerable authority" and Rule 23 is the "ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial." *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007).

The relief Plaintiffs now seek is best addressed in a new motion for class certification. This will squarely frame the new proposed class and the evidence allegedly supporting it, and will allow the parties and the Court to consider whether this new class meets the requirements of Rule 23 in a way that retroactively squeezing this new proposed class and evidentiary record into the now-denied motion for class certification would not.

Rule 23(c)(1)(C) does not command handling the class certification issue in any particular way, including the way Plaintiffs suggest. *See, e.g., Gardner v. First Am. Title Ins. Co.*, 218 F.R.D. 216, 218 (D. Minn. 2003) ("Rule 23(c)(1) provides Plaintiffs with a limited opportunity to adduce additional facts: It is not a Trojan Horse by which Plaintiffs may endlessly reargue the legal premises of their motion"). Plaintiffs' complaint was filed in state court in May 2006 and removed to federal court a month later. Plaintiffs filed their motion for class certification in October 2006. Substantial discovery ensued. Eventually, the Court held a lengthy hearing at which the parties were given ample opportunities to explain their positions. As a consequence, the Court believes that it has thoroughly explored the class certification

issues. Perhaps a necessary by-product is that little if any progress on the merits of the case has occurred. Given the considerable time the Court and the parties have spent on the matter of class certification, the Court believes the most appropriate course of action at this point is to establish a schedule for trial on the merits of this case. This is not to suggest that Plaintiffs may not seek class certification again, but merely that the method and timing that they have chosen here is inappropriate.

Therefore the Court will require the parties to establish a discovery schedule for the case in chief. When the parties have agreed upon and filed a discovery schedule, the Court will schedule a telephone conference to set a trial date and dispositive motion deadlines. Discovery as to the case in chief should commence as soon as possible, and while Plaintiffs may raise the class certification issue again, in an effort to prevent class certification disputes from interminably postponing the merits phase of this litigation, the Court will set a deadline for a renewed class certification motion on or around whatever dispositive motion deadline is established.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that by **May 12, 2008**, the parties shall agree upon and submit a discovery schedule. Thereafter, the Court will set a trial date and other deadlines.

cc:   Counsel of Record

4